*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1192**

Michael Diori Tillman, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 16, 2016
Affirmed
Hooten, Judge**

Ramsey County District Court
File No. 62-CR-09-17440

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Considered and decided by Hooten, Presiding Judge; Larkin, Judge; and Rodenberg, Judge.

## UNPUBLISHED OPINION

**HOOTEN**, Judge

Appellant challenges the denial of his petition for postconviction relief without an evidentiary hearing on the basis that the petition was time-barred, arguing that his petition

was timely under the newly discovered evidence and interests of justice exceptions to the two-year statute of limitations. We affirm.

## FACTS

On October 27, 2009, St. Paul police approached appellant Michael Diori Tillman because they believed that he was involved in a drug transaction. Upon conducting a pat search of Tillman for weapons, a police officer felt a lump in the pocket of Tillman's pants. The officer reached into Tillman's pocket and removed a plastic bag which contained eight bindles of a substance later determined by the St. Paul Police Department Crime Lab (SPPDCL) to be cocaine. Tillman was arrested and charged with fifth-degree possession of a controlled substance. The state later amended the charge to third-degree possession of a controlled substance.

A trial was held in August 2010. At trial, Tillman did not challenge the SPPDCL's testing procedures or deny that the substance found in his pocket was cocaine; rather, he challenged the chain of custody and the weight of the drugs because of the presence of a cutting agent. The jury found Tillman guilty of the amended charge of third-degree possession of a controlled substance. The district court sentenced Tillman to a stayed sentence of 24 months and placed him on probation for ten years. Tillman appealed his conviction on January 14, 2011, and the appeal was dismissed as untimely on June 8, 2011. After multiple probation violations, Tillman demanded execution of his sentence on August 23, 2013.

On July 18, 2014, Tillman filed a petition for postconviction relief based on evidence of "faulty testing policies, practices, and procedures" at the SPPDCL that was

2

made public in 2012. The state acknowledges the significant deficiencies in the operating practices of the SPPDCL at the time the drugs found in Tillman's possession were tested, and thus the deficiencies themselves do not warrant discussion here. In his petition, Tillman did not contend that he complied with the two-year statute of limitations governing petitions for postconviction relief, but sought to invoke two exceptions to the statute of limitations. The postconviction court denied Tillman's petition without holding an evidentiary hearing, concluding that he could not satisfy either of the exceptions to the statute of limitations that he invoked in his petition. This appeal followed.

**D E C I S I O N**

**I.**

Tillman argues that the postconviction court abused its discretion by determining that his petition for postconviction relief was time-barred. We review a postconviction court's "denial of a petition for postconviction relief without a hearing for an abuse of discretion." *Chambers v. State*, 831 N.W.2d 311, 318 (Minn. 2013). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012) (quotation omitted).

A person convicted of a crime who claims that the conviction was obtained in violation of his or her constitutional rights may petition for postconviction relief. Minn. Stat. § 590.01, subd. 1 (2012). The petitioner must file the petition for postconviction relief within two years after "an appellate court's disposition of petitioner's direct appeal." *Id.*, subd. 4(a)(2) (2012). A petition filed after the two-year limit may be considered if it

3

satisfies one of five statutory exceptions. *Id.*, subd. 4(b) (2012). But, any petition invoking a statutory exception is subject to another limitations provision, which requires that the petition "be filed within two years of the date the claim arises." *Id.*, subd. 4(c) (2012). A claim arises when the petitioner "knew or should have known" that it existed. *Sanchez v. State*, 816 N.W.2d 550, 560 (Minn. 2012).

Accordingly, "[a] postconviction petitioner is not entitled to relief or an evidentiary hearing on an untimely petition unless he can demonstrate that he satisfies one of the [statutory] exceptions and . . . that application of the exception is not time-barred." *Roberts v. State*, 856 N.W.2d 287, 290 (Minn. App. 2014) (quotation omitted), *review denied* (Minn. Jan. 28, 2015). Tillman argues that the newly discovered evidence and interests of justice exceptions to the two-year statute of limitations apply to his petition.

**Newly Discovered Evidence Exception**

Under the newly discovered evidence exception, a court may hear an untimely petition for postconviction relief if (1) the petitioner alleges that newly discovered evidence exists; (2) the evidence "could not have been ascertained by the exercise of due diligence . . . within the two-year time period for filing a postconviction petition"; (3) the evidence is not cumulative; (4) the evidence is "not for impeachment purposes"; and (5) the evidence "establishes by a clear and convincing standard that the petitioner is innocent of the offense . . . for which the petitioner was convicted." Minn. Stat. § 590.01, subd. 4(b)(2) (2012). Under this exception, "the burden of presenting clear and convincing evidence of innocence is on the petitioner." *Scott v. State*, 788 N.W.2d 497, 502 (Minn. 2010). In rejecting Tillman's claim that the newly discovered evidence exception applied, the

4

postconviction court reasoned that Tillman could not satisfy the second and fifth requirements of the newly discovered evidence standard.

With regard to the second requirement, the district court correctly concluded that Tillman has not demonstrated that the evidence of the SPPDCL's deficiencies could not have been ascertained by the exercise of due diligence by him or his counsel within the two-year limit for filing a postconviction petition. The state alleged in its initial 2009 complaint that "the suspected cocaine was submitted to the [SPPDCL] where . . . preliminary presumptive examinations indicated the contents of each bag were positive for cocaine with a total net weight of 3.52 grams." The complaint therefore put Tillman on notice that the state was basing its controlled substance charge on the results of the crime lab test. Tillman could have challenged the foundational reliability or validity of the test results, but failed to do so. *See Roberts*, 856 N.W.2d at 291 (reaching same conclusion on similar facts).

Tillman attempts to distinguish *Roberts* by pointing to the evidence presented in this case. Specifically, Tillman relies on an affidavit executed by one of the criminal defense attorneys who first uncovered the problems at the SPPDCL. The attorney states that she was able to uncover the problems at the SPPDCL because of her specialized training and suggests that attorneys without such training would have been unlikely to discover the problems. But, Tillman, like Roberts, has not shown that he or his attorney made any attempt to investigate the test results or that anyone prevented him or his attorney from doing so. Because the deficiencies in the crime lab could have been discovered by Tillman before trial or within two years of the dismissal of his appeal, he has not shown that he

5

could not have ascertained the evidence of the SPPDCL's deficiencies by the exercise of due diligence during the two-year time limit.

With regard to the fifth requirement of the newly discovered evidence exception, the evidence of the SPPDCL's deficiencies does not establish by clear and convincing evidence that Tillman is innocent. Tillman's proffered newly discovered evidence concerns the deficiencies of the SPPDCL, but he does not claim to be innocent or offer any evidence demonstrating that the substance tested in his case was not cocaine or that the SPPDCL's calculation of the weight of the mixture found in his possession was incorrect. Indeed, Tillman admitted, both when he was interviewed by the police and at trial, that the substance recovered from his pocket was cocaine. Given his admission to possessing cocaine and the fact that he does not claim to be innocent, the evidence of the deficiencies at the SPPDCL does not establish by clear and convincing evidence that Tillman is innocent of the offense of which he was convicted.

In sum, Tillman has not met his burden of establishing that the evidence of the SPPDCL's deficiencies could not have been discovered with due diligence or that the evidence clearly and convincingly establishes his innocence. Therefore, the postconviction court did not abuse its discretion by concluding that Tillman's petition does not fall under the newly discovered evidence exception to the two-year statutory filing deadline.

**Interests of Justice Exception**

6

Under the interests of justice exception, an untimely postconviction petition may be considered if "the petition is not frivolous and is in the interests of justice." Minn. Stat. § 590.01, subd. 4(b)(5) (2012). The interests of justice exception "relate[s] to the *reason* the petition was filed after the 2-year time limit . . . , not the *substantive claims* in the petition." *Sanchez*, 816 N.W.2d at 557. The interests of justice exception applies only "in exceptional situations." *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010). To satisfy the interests of justice exception, "a claim must have substantive merit and the defendant must not have deliberately and inexcusably failed to raise the issue on direct appeal." *Id.* The Minnesota Supreme Court has "identified a non-exclusive list of factors to be considered" in determining whether the interests of justice exception applies, including the degree to which each party is at fault for the alleged error, whether a fundamental unfairness to the defendant needs to be addressed, and whether applying the exception is necessary to protect the integrity of judicial proceedings. *Id.* at 586–87.

Here, as in *Roberts*, the alleged error is the discovery of the deficient testing practices at the SPPDCL after the resolution of the case. *See* 856 N.W.2d at 293. As noted above, Tillman could have challenged the foundational reliability or validity of the test results, but failed to do so. Like Roberts, Tillman does not argue that his attorney refused his request to investigate the results or advised him not to challenge the results. *See id.* Tillman also does not argue that the state intentionally withheld knowledge of the deficiencies at the SPPDCL or hindered his investigation into the test results. On this record, Tillman is at fault for failing to discover the deficiencies at the crime lab before or during the two-year time limit.

In *Roberts*, this court concluded that it was not "necessary to act in the interests of justice to protect the integrity of the judicial proceedings" because the discovery of the issues at the crime lab after the resolution of the case did "not stem from a flaw in the judicial process." *Id.* As we stated in *Roberts*, it was "not fundamentally unfair to hold Roberts accountable for his choice to accept the state's scientific evidence at face value," without further investigating the practices at the SPPDCL. *Id.* Because Tillman, like Roberts, has not shown that a flaw in the judicial process prohibited him from investigating the practices at SPPDCL, he has not satisfied the requirements of the interests of justice exception.

In sum, neither the newly discovered evidence exception nor the interests of justice exception to the statutory time bar are applicable to Tillman's petition. As Tillman has not demonstrated that he satisfies one of the statutory exceptions, he is not entitled to an evidentiary hearing on his untimely petition. *See id.* at 290. The postconviction court did not abuse its discretion by denying Tillman's petition as time-barred.

**Affirmed.**